___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:20-cv-00687-JLS-JDE                               Date: May 11, 2021
Title: Gregory Reitz et al v. FCA US LLC et al

___

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Melissa Kunig/Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                            Not Present

**PROCEEDINGS:   (IN CHAMBERS) ORDER *SUA SPONTE* REMANDING CASE TO ORANGE COUNTY SUPERIOR COURT**

This action was originally filed in Orange County Superior Court on March 3, 2020.  (Compl., Doc. 1-2.)  On April 8, 2020, Defendant FCA US LLC ("FCA") removed the action to this Court.  (Notice of Removal ("NOR"), Doc. 1.)  The Court ordered Defendants to show cause why this action should not be remanded to state court.  (Order to Show Cause ("OSC"), Doc. 30.)  Defendants responded, and Plaintiffs replied.  (Response, Doc. 31; Reply, Doc. 32.)

For the following reasons, the Court REMANDS this action to Orange County Superior Court, Case No. 30-2020-01135803-CU-BC-CJC

**I.      BACKGROUND**

Plaintiffs Gregory Reitz and Amanda Reitz (collectively, "Plaintiffs"), both residents of California, brought this suit against Defendant FCA and Defendant McPeek's Chrysler Dodger Jeep Ram of Anaheim ("McPeek"; collectively, "Defendants") under the Song-Beverly Consumer Warranty Act.  (First Amended Complaint ("FAC"), Doc. 10.)  Plaintiffs' claim arises out of a 2011 Dodge Grand Caravan (the "Subject Vehicle"), which Plaintiffs purchased used from McPeek on September 27, 2014.  (FAC ¶ 6; *see* Ex. G to Notice of Removal ("Contract"), Doc. 1-8.)  FCA is a limited liability company

___

owned by entities that are citizens of the Netherlands and United Kingdom. (NOR ¶ 28.) McPeek is a business entity operating in California. (FAC ¶ 3.)

Plaintiffs allege that the Subject Vehicle is covered by express and implied warranties in which Defendants agreed "to preserve or maintain the utility or performance" of Subject Vehicle or "provide compensation if there was a failure in such utility or performance." (*Id.* ¶ 7.) The alleged express warranty provided with the sale of the Subject Vehicle was a limited warranty lasting three months or 3,000 miles from Plaintiffs' purchase, whichever occurred first. (Skanes Decl., Doc. 17-2, ¶¶ 4, 6; Ex. A to McPeek Mot. to Dismiss ("Express Warranty"), Doc. 17-3.) Subject Vehicle was allegedly "delivered to Plaintiffs with serious nonconformities" and "developed other serious nonconformities covered by the warranties including, but not limited to, various engine defects." (FAC ¶ 8.) Plaintiffs further contend that Defendants failed to disclose the "inherent and latent defects" to Plaintiffs, despite being aware of such defects, and further failed to disclose that Defendants could not repair the defects. (*Id.* ¶ 9.) Plaintiffs claim they were unaware of the defects and "could not discover them until they manifested themselves." (*Id.* ¶ 10.) Despite bringing the Subject Vehicle to FCA's authorized repair facilities, Defendants were allegedly unable to conform the Subject Vehicle to the applicable warranties, thus rendering the Subject Vehicle unmerchantable. (*Id.* ¶¶ 21–23.)

FCA removed the action to this Court on April 8, 2020, asserting that an exercise of federal diversity jurisdiction is appropriate under 28 U.S.C. §§ 1332, 1441, and 1445. (*See* NOR.) In its NOR, FCA contends that (1) the amount in controversy requirement is met; and (2) complete diversity of citizenship between the parties exists because FCA is not a California citizen and McPeek was fraudulently joined. (*Id.*) In turn, Plaintiffs filed a Motion to Remand. (Docs. 11, 13.) And McPeek filed a Motion to Dismiss. (Docs. 17, 22.) However, the parties reached a settlement prior to the scheduled hearing on the motions. (*See* Docs. 23, 24.) Unable to resolve the issue of attorneys' fees, Plaintiffs moved for determination of attorneys' fees and costs. (Docs. 25, 27.)

The Court then ordered Defendants to show why this action should not be remanded due to the Court's lack of subject-matter jurisdiction. (Order to Show Cause

("OSC"), Doc. 30.) Defendants responded, and Plaintiffs replied. (Response, Doc. 31; Reply, Doc. 32.)

## II.     LEGAL STANDARD

       Where a federal district court lacks subject-matter jurisdiction, it must remand a removed case, and has the discretion to do so *sua sponte*. *See Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (citing 28 U.S.C. § 1447(c)). A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states. *See* 28 U.S.C. § 1332(a). However, "[i]t is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (internal quotation marks omitted)).

       An exception to the complete diversity rule exists where a non-diverse defendant is a "sham defendant" or has been "fraudulently joined." *Id.* at 1043 (quoting *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001)).

       "Fraudulent joinder is a term of art." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Actual fraud is not required: a defendant may establish fraudulent joinder by showing that the plaintiff cannot "establish a cause of action against the non-diverse party in state court." *Hunter*, 582 F.3d at 1044 (internal quotation marks omitted). But "[t]here is a 'general presumption against fraudulent joinder' and the defendant's burden of demonstrating that a joinder is fraudulent is a 'heavy' one." *Dejillo v. Wells Fargo Bank, N.A.*, No. 5:15-CV-03080-RMW, 2015 WL 5187344, at *2 (N.D. Cal. Sept. 4, 2015) (quoting *Hunter*, 582 F.3d at 1046). Indeed, "[j]oinder is fraudulent only when it is 'obvious according to the settled rules of the state that [a plaintiff] has failed to state a claim against [a joined defendant].'" *Salgado-Lopez*, 2020 WL 564248, at *3 (second and third alterations in original) (quoting *Hunter*, 582 F.3d at 1046). "[I]f there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the

joinder was proper and remand the case to the state court." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018).

### III. DISCUSSION

Primarily at issue is whether McPeek was fraudulently joined in this action. If McPeek is a properly joined defendant, complete diversity does not exist between the parties, and this Court lacks subject-matter jurisdiction over the action. However, if McPeek is a sham defendant, as Defendants argue, its citizenship can be disregarded for diversity jurisdiction purposes. Defendants contend that the statute of limitations has expired for both the express and implied warranty claims against McPeek, and that McPeek is therefore fraudulently joined. (*See* Response.) Plaintiffs counter that, because Defendants failed to disclose known defects in the Subject Vehicle, all statute of limitation periods were tolled by fraudulent concealment, the discovery rule, and/or equitable tolling/estoppel such that their claims are timely asserted against McPeek. (Reply at 2.)

There are two applicable time limits here. Under the Song-Beverly Act, the duration of the implied warranty of merchantability and the implied warranty of fitness for used goods, such as the Subject Vehicle at issue here, is "coextensive in duration with an express warranty which accompanies the consumer goods." Cal. Civ. Code § 1795.5. Here, the express warranty period was three months; thus, the implied warranty period is also three months. (*See* Express Warranty.) As for the statute of limitations, "claims under [the Song-Beverly Act] are governed by the same statute of limitations as for warranties under California Commercial Code § 2725." *Arteaga v. FCA US LLC*, No. CV 20-461-GW-RAOx, 2020 WL 1330639, at *2 (C.D. Cal. Mar. 20, 2020) (citing *Mexia v. Rinker Boat Co.*, 174 Cal. App. 4th 1297, 1305–1306 (2009)). That statute of limitations is four years. *See* Cal. Com. Code § 2725(1).

Defendants assert that Plaintiffs' implied warranty claim against McPeek is barred by the statute of limitations period. (Response at 3–4.) The Subject Vehicle was bought and delivered on September 27, 2014. According to Defendants, because Plaintiffs' action was filed March 4, 2020, over four years after tender of delivery, the implied

warranty claims are time barred. (*Id.*)[1]

However, FCA's argument has been explicitly and repeatedly rejected. As this Court has previously explained, "implied warranty claims under the Song-Beverly Act based on a latent defect discovered outside the durational limit are permissible." *See Robey v. FCA US LLC*, No. 8:20-cv-00367-JLS-DFM, 2020 WL 2488575 (C.D. Cal. May 14, 2020) (discussing *Mexia*, 174 Cal. App. 4th 1297 and *Daniel v. Ford Motor Co.*, 806 F.3d 1217 (9th Cir. 2015)); *see also Miller v. FCA US LLC*, No. 8:20-cv-00360-JLS-DFM, 2020 WL 3574697 (C.D. Cal. Jun. 29, 2020).

Here, Plaintiffs allege that the "nonconformities, which were covered by the applicable warranties, manifested themselves within the applicable warranty periods." (FAC ¶ 20.) Plaintiffs further allege that Defendants were aware of inherent and latent defects in the Subject Vehicle, and failed to disclose them; as such, "all statute of limitation periods with respect to the vehicle were tolled by the doctrines of fraudulent concealment, the discovery rule, and/or equitable tolling/estoppel." (*Id.* ¶¶ 9–11.) While Plaintiffs do not state *when* the alleged defects were discovered, FCA has not shown "that Plaintiff will not be able to amend the complaint to allege that the discovery rule applies." *Tanner v. Ford Motor Company*, 424 F. Supp. 3d 666, 672 (N.D. Cal. 2019) (internal citations and quotations omitted) (finding defendant failed to establish fraudulent joinder even when plaintiff alleged only that the defect existed during the warranty period and not when the defect was discovered).

Furthermore, just as in *Robey* and *Miller*, "FCA did not address the possibility that Plaintiff's implied warranty claim against [the dealership] is subject to equitable and/or fraudulent concealment tolling." *Robey*, 2020 WL 2488575, at *3 (citing *Askew*, 2019 WL 1724250, at *3 (S.D. Cal. Apr. 18, 2019)); *Miller*, 2020 WL 3574697, at *3. "[T]hose doctrines present additional routes by which a state court could find that Plaintiff's Complaint adequately states or could be readily amended to state, a cause of

---

[1] Defendants rely on *Coronel v. Ford Motor Company*, No. 19-CV-09841-DSF, 2020 WL 550690 (C.D. Cal. Feb. 4, 2020) in support of their argument that the discovery rule does not apply to implied warranty claims. There, the court was unpersuaded by plaintiff's argument that the delayed discovery rule extended the statute of limitations for breach of implied warranty claims. Defendants erroneously refer to *Coronel* as a decision of *this* Court; however, this *Coronel* was issued by another court in this District and is not binding on this Court.

action for breach of implied warranty." *Miller*, 2020 WL 3574697, at *3.

Because a state court could possibly find that Plaintiffs' FAC states at least one cause of action against McPeek, Defendants have not met their burden of demonstrating that McPeek is fraudulently joined. The Court need not address the amount-in-controversy requirement. Accordingly, McPeek's presence defeats diversity in this action, and the action must be remanded. *See Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) ("[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.").

## IV.     CONCLUSION

For the foregoing reasons, the Court lacks subject matter jurisdiction over this action. Therefore, the action is REMANDED to Orange County Superior Court, Case No. 30-20-01135803-CU-BC-CJC

Initials of Deputy Clerk:  mku/rrp